**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SOFIENE ROMDHANI, MICHELLE MALONEY, and BOBBI JOE ZELLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-715 (JJF) |
| EXXON MOBIL CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT EXXON MOBIL CORPORATION'S**
**CONSENT MOTION FOR ENLARGEMENT OF TIME TO ANSWER**
**OR OTHERWISE RESPOND TO PLAINTIFFS' COMPLAINT**

Pursuant to Rules 6(b)(1) and (2) of the Federal Rules of Civil Procedure, Defendant Exxon Mobil Corporation hereby files this motion to extend to December 20, 2007 the time by which it must answer or otherwise respond to Plaintiffs' Complaint. Plaintiffs have consented this motion. A proposed order is attached to this motion.

**I.      ISSUE PRESENTED**

Should the time by which Defendant Exxon Mobil Corporation ("Exxon Mobil") must answer or otherwise respond to Plaintiffs' Complaint be extended to December 20, 2007, where Plaintiffs deposited the Summons and Complaint in the mail on November 7, 2007, but the United States Postal Service did not deliver the documents to Defendant Exxon Mobil until November 27, 2007, the date by which applicable provisions required that Defendant Exxon Mobil file its answer or otherwise respond to the Complaint?

## II.    FACTUAL BACKGROUND

Plaintiffs filed their Complaint in this Court on November 5, 2007.  Apparently, copies of the Summons and Complaint were served on the Delaware Secretary of State on November 6, 2007 and placed in the United States mail on November 7, 2007 to be delivered to Defendant Exxon Mobil.  *See* Exh. A.  Although Plaintiffs' counsel placed a copy of the Summons and Complaint, together with proof of service on the Delaware Secretary of State, in the United States mail on November 7, 2007, the United States Postal Service did not deliver the Summons and Complaint to Defendant Exxon Mobil until November 27, 2007.  *See* Exh. B (tracking information from the United States Postal Service).

## III.    REASONS FOR THE MOTION

### A.    The date by which Defendant Exxon Mobil was required to answer or otherwise respond was the date Exxon Mobil received the Summons and Complaint.

Rule 12 of the Federal Rules of Civil Procedure provides that "a defendant shall serve an answer . . . within 20 days after being served with the summons and complaint . . . ."  Delaware's long-arm statute indicates that service effected pursuant to that statute's terms is complete upon the mailing (by registered mail) of a copy of the summons and complaint, together with the statement that service of the original process has been made upon the Delaware Secretary of State, to the defendant.  *See* 10 Del. C. § 3104(h) ("The time in which defendant shall serve an answer shall be computed from the date of the mailing of the registered letter . . . .").[1]

---

[1]    Under Rules 4(e)(1) and (h)(1) of the Federal Rules of Civil Procedure, service of a summons and complaint on a corporation "may be effected in any judicial district of the United States . . . pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State."

If service in this case was complete on the date Plaintiffs mailed (by registered mail) the copy of the Summons, Complaint, and statement regarding service on the Secretary of State, Defendant's twenty-day period in which to answer began on November 7, 2007 and ended on November 27, 2007—the date on which Defendant actually received the documents sent by Plaintiffs.[2]  Because Defendant Exxon Mobil was not on notice that the time period for answering Plaintiffs' Complaint had begun until the date that period expired, Defendant was not able to answer or otherwise respond to Plaintiffs' Complaint by November 27, 2007.

---

Plaintiffs in this action chose to perfect service of process on Defendant pursuant to Delaware's long-arm statute, 10 Del. C. § 3104. (Although correspondence from Plaintiffs' local counsel states that service was effected pursuant to 10 Del. C. § 3114, *see* Exh. A, that provision is wholly inapplicable to this case, and Defendant presumes that Plaintiffs' counsel meant to state that service was effected pursuant to 10 Del. C. § 3104). Under the terms of that statute, a plaintiff must first serve the Delaware Secretary of State on behalf of the defendant, and then "send by registered mail to the nonresident defendant . . . a notice consisting of a copy of the process and complaint served upon the Secretary of State and the statement that service of the original of such process has been made upon the Secretary of State . . . and that under this section such service is as effectual to all intents and purposes as if it had been made upon such nonresident defendant personally within this State." 10 Del. C. § 3104(d).

Although Rule 4 of the Federal Rules of Civil Procedure specifically contemplates a situation in which service is effected by serving a corporation's agent with a summons and complaint and then mailing a copy to the defendant, *see* Fed. R. Civ. P. 4(h)(1), neither Rule 4 nor Rule 12 indicates whether such service is complete, and thus Rule 12's twenty-day clock for filing an answer begins to run, upon the *mailing* of the copy of the summons and complaint to the defendant or instead upon the defendant's *receipt* of that copy. Accordingly, Delaware's provision regarding when service is complete pursuant to its long-arm statute presumably applies.

[2]    If Rule 6(e) of the Federal Rules of Civil Procedure applied here, Defendant would have had an additional three days, until November 30, 2007, to answer or otherwise respond to Plaintiffs' Complaint. Rule 6(e) provides that "[w]henever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the period would otherwise expire . . . ." Although Rule 5(b)(2)(B) addresses service by mail, Rule 5 governs only the service of "every pleading subsequent to the original complaint." *See* Fed. R. Civ. P. 5(a).

Accordingly, Defendant requests that the Court extend until December 20, 2007 the time by which it must answer or otherwise respond to Plaintiffs' Complaint.

**B.      Defendant Exxon Mobil's delay in answering or otherwise responding to Plaintiffs' Complaint is excusable.**

Defendant Exxon Mobil failed to answer or otherwise respond to Plaintiffs' Complaint by November 27, 2007—the date by which it was presumably required to do so—because the Summons and Complaint were not delivered to Defendant until that date.  The facts at issue demonstrate "excusable neglect" under Rule 6(b)(2) of the Federal Rules of Civil Procedure.

Under Third Circuit precedent, in determining whether Defendant's failure to file a pleading in a timely manner should be considered "excusable neglect," this Court must consider: "1) the danger of prejudice to the nonmovant; 2) the length of the delay and its potential effect on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." *Orthopedic Bone Screw Products Liability Litigation*, 246 F.3d at 322-23 (citing *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

**1.      Plaintiffs will not be prejudiced.**

Plaintiffs will not be prejudiced if this Court grants Defendant the extension it seeks.  *See De La Pena v. Hill-Rom Co., Inc.*, 2004 WL 2538472, at *3 (W.D. Tex. Nov. 10, 2004) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)) ("[T]here is no prejudice to the plaintiff in requiring him to prove his case on the merits.").  Indeed, Plaintiffs have consented to Defendant's request for an extension.

**2.      The delay will not adversely affect the proceedings.**

Defendant by this motion is seeking only a reasonable amount of time to allow it to defend itself properly.  Granting Defendant's request for an enlargement of time in which it can

answer or otherwise respond to the Complaint will not result in a lengthy delay or otherwise adversely affect these judicial proceedings.

### 3.    The delay was beyond the control of Defendant Exxon Mobil.

Moreover, Defendant's failure either to respond to Plaintiffs' Complaint or file a motion for an enlargement of time within the initial twenty-day period was due entirely to the fact that it took the United States Postal Service twenty days to deliver to Defendant the documents sent by Plaintiffs by registered mail. *See* Exh. B. The Third Circuit has found excusable neglect in similar circumstances, holding that delay resulting from "a mailroom which did not operate as it should have in the ordinary course of business" was beyond the moving party's control. *See In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 183 (3d Cir. 2000). Because it did not receive the documents sent by Plaintiffs until November 27, 2007, Defendant was not on notice that it had been served and that its twenty-day period for answering or otherwise responding to the Complaint had begun until the date that period expired. Under these circumstances, Defendant's failure to answer or otherwise respond to the Complaint within the initial twenty-day period was undoubtedly beyond its control.

Indeed, although a significant delay in the delivery of mail is unusual, Delaware's long-arm statute recognizes the such a delay could place a defendant in the unfair position of seeking an enlargement of time after its initial period for answering a Complaint has already expired, and accordingly provides that a court may "at any time before *or after* the expiration of the prescribed time for answering, order such continuances as may be necessary to afford the defendant . . . reasonable opportunity to defend the action." 10 Del. C. § 3104(h) (emphasis added).

### 4.    Defendant Exxon Mobil has acted in good faith.

Finally, in failing to answer or otherwise respond to Plaintiffs' Complaint, and in requesting an enlargement of time in which to do so, Defendant has at all times operated in good faith.  Defendant filed this motion as soon as it became aware of the significant delay between the date Plaintiffs mailed the copy of the summons and Complaint to Defendant and the date the documents were delivered, seeking to rectify this problem.

## IV.    CONCLUSION

For the foregoing reasons, Defendant Exxon Mobil Corporation respectfully requests that the Court extend the time by which it must answer or otherwise respond to Plaintiffs' Complaint to December 20, 2007.  Defendant makes this request without waiving any defenses or objections, including any defenses and objections under Rule 12(b) of the Federal Rules of Civil Procedure.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joe Robert Caldwell, Jr.
Benjamin Kringer
Rachel M. McKenzie
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004-2400
(202) 639-7752

Dated:  December 4, 2007
835339

By: */s/ Kathleen Furey McDonough*
        Kathleen Furey McDonough (#2395)
        Sarah E. DiLuzio (#4085)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        P.O. Box 951
        Wilmington, Delaware  19801
        (302) 984-6000
        kmcdonough@potteranderson.com
        sdiluzio@potteranderson.com

*Counsel for Defendant Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

I hereby certify this 4th day of December that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

Timothy J. Wilson, Esquire
MARTIN & WILSON, P.A.
1508 Pennsylvania Avenue
Wilmington, DE 19806

*/s/ Kathleen Furey McDonough*
Kathleen Furey McDonough (#2395)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com

# EXHIBIT A

NOV-30-2007 FRI 04:36 PM EXXONMOBIL          FAX NO. 713 656 9697          P. 50



RA 411 350 649 US

MARTIN & WILSON, P.A.
1508 PENNSYLVANIA AVENUE
WILMINGTON, DE 19806

Exxon-Mobil Corporation
5959 Las Colinas Blvd
Irving TX 75039-4202



First Class Mail



$12.060
US POSTAGE
FIRST-CLASS
FROM 19806
NOV 07 2007
stamps
com

$1.65.0
US POSTAGE
FIRST-CLASS





NOV-30-2007 FRI 04:21 PM EXXONMOBIL                FAX NO. 713 656 9697                    P. 03



Jeffrey K. Martin, Esquire*                                                    1508 Pennsylvania Avenue
                                                                               Wilmington, DE 19806
Timothy J. Wilson, Esquire*                                                    Telephone: (302) 777-4681
                                                                               Facsimile: (302) 777-5803
*Licensed in DE, PA and NJ                                                     www.martinandwilson.com

WRITER'S E-MAIL: TWILSON@MARTINANDWILSON.COM

November 6, 2007

**VIA REGISTERED RETURNED RECEIPT REQUESTED**

Exxon-Mobil Corporation
5959 Las Colina Blvd.
Irving, TX 75039-2298

     RE:   **SOFIENE ROMDHANI, et al. v. EXXON-MOBIL CORPORATION**
        . **C.A. NO.: 07-715**

Dear Sir/Madam:

     This letter constitutes notice under 10 Del. C. § 3114 that a suit has been instituted against your company in the United States District Court for the District of Delaware.

     Please be advised that the original process and Complaint have been served upon the Secretary of State of the State of Delaware and that under the provisions of 10 Del. C. § 3114, such service is as effective for all intents and purposes as if being made upon you personally within the State of Delaware.

     Enclosed is a copy of the process and the return showing service upon the Secretary of State, pursuant to the above sections. Also attached is a copy of the Complaint and Summons so served, which explains the basis of the lawsuit instituted against your company.

                         Very truly yours,

                         TIMOTHY J. WILSON

TJW:njj
Enclosure

                       **RECEIVED**
                       NOV 2 8 2007

                      S. JACK BALAGIA JR

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

Sofiene Romdhani, et. al

V.

## SUMMONS IN A CIVIL CASE

Exxon-Mobil Corporation

CASE NUMBER:    0 7 - 7 1 5 -

TO: (Name and address of Defendant)

      Exxon-Mobil Corporation
      5959 Las Colina Blvd.
      Irving, TX 75039-2298

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____**20**_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PETER T. DALLEO

NOV 0 5 2007

CLERK                                                          DATE

(By) DEPUTY CLERK

NOV-30-2007 FRI 04:21 PM EXXONMOBIL                 FAX NO. 713 656 9697              P. 05

* AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me(1) | DATE<br>11/6/07 |
| NAME OF SERVER (PRINT)<br>GRANVILLE MORRIS | TITLE<br>SPECIAL PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant. Place where served: _____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐   Returned unexecuted: _____

☒   Other (specify):   SERVED" EXXON-MOBIL CORPORATION C/O THE DELAWARE SECRETARY OF STATE TOWNSEND BLDG. DOVER, DE. COPIES THEREOF WERE ACCEPTED BY KAREN CHARBANEAU

---

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   11/6/07
            Date

            *Signature of Server*
            BRANDYWINE PROCESS SERVERS, LTD.
            P.O. BOX 1360
            WILMINGTON, DE 19899-1360
            302-475-2600

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT B

 **UNITED STATES POSTAL SERVICE**®

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **RA41 1350 649U S**
Detailed Results:

- **Delivered, November 27, 2007, 10:06 am, IRVING, TX 75063**
- **Arrival at Unit, November 27, 2007, 9:46 am, IRVING, TX 75063**
- **Processed, November 07, 2007, 6:44 pm, WILMINGTON, DE 19805**

( < Back )                            ( Return to USPS.com Home > )

Track & Confirm

Enter Label/Receipt Number.

| |

## Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   ( Go > )

Copyright© 1999-2007 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SOFIENE ROMDHANI, MICHELLE MALONEY, and BOBBI JOE ZELLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 07-00715 (JJF) |
| v. | ) ) | |
| EXXON MOBIL CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

## ORDER

The Court having considered Defendant Exxon Mobil Corporation's Consent Motion for Enlargement of Time to Answer or Otherwise Respond to Plaintiffs' Complaint, it is hereby **ORDERED** that the Motion is **GRANTED**, and that Defendant has to December 20, 2007 to answer or otherwise respond to Plaintiffs' Complaint.

SO ORDERED, this ___ day of December, 2007.


_____
Joseph J. Farnan, Jr.
United States District Judge