IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SOFIENE ROMDHANI, MICHELLE MALONEY, and BOBBI JOE ZELLER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 07-00715 (JJF) |
| EXXON MOBIL CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT EXXON MOBIL CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS AND TO STRIKE**

OF COUNSEL:

Joe Robert Caldwell, Jr.
Benjamin E. Kringer
Rachel M. McKenzie
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004-2400
(202) 639-7700

Dated: January 25, 2008

Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19801
(302) 984-6000

*Counsel for Defendant Exxon Mobil Corporation*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .............................................................................................. ii

INTRODUCTION .......................................................................................................... 1

ARGUMENT ................................................................................................................. 2

    I.    THE DELAWARE DEPARTMENT OF LABOR'S FINDING OF
        PROBABLE CAUSE IS IMMATERIAL TO PLAINTIFF'S CAUSE OF
        ACTION AND ANY REFERENCE TO IT SHOULD BE STRUCK
        UNDER FED. R. CIV. P. 12(F)........................................................................... 2

    II.   DEFENDANT'S DECISION NOT TO ENGAGE IN SETTLEMENT
        DISCUSSIONS IS IMMATERIAL AND ANY REFERENCE TO IT
        SHOULD BE STRUCK UNDER FED. R. CIV. P. 12(F) ..................................... 6

    III.  PARAGRAPHS 50, 51, 69, 70, 76, AND 77 OF THE COMPLAINT ARE
        IRRELEVANT BECAUSE PLAINTIFFS ZELLER AND MALONEY
        HAVE NOT PLED A CAUSE OF ACTION FOR RELIGIOUS
        DISCRIMINATION .......................................................................................... 8

    IV.  PARAGRAPHS 71 AND 75 OF THE COMPLAINT ARE
        IMMATERIAL TO PLAINTIFF ZELLER'S CAUSES OF ACTION
        AND PREJUDICE THE DEFENDANT ............................................................ 10

CONCLUSION............................................................................................................ 15

## TABLE OF AUTHORITIES

### CASES

*Blackledge v. Alabama Dep't. of Mental Health & Mental Retardation,*
    2007 WL 3124452 (M.D. Ala. Oct. 25, 2007)...................................................................13

*Burlington Northern and Santa Fe Ry. Co. v. White,*
    548 U.S. 53, 126 S. Ct. 2405 (2006)............................................................11, 12, 13, 14

*Cambra v. Restaurant School, No. Civ.A.04-2688,*
    2005 WL 2886220 (E.D. Pa. Nov 02, 2005) ......................................................................5

*Carpenter v. Con-Way Cent. Express, Inc.,*
    481 F.3d 611 (8th Cir. 2007) ............................................................................................14

*Christian v. Illinois State Bd. of Educ.,*
    No.05c2735, 2007 WL 2088735 (N.D. Ill. July 19, 2007)...............................................10

*Coleman v. Home Depot, Inc.,*
    306 F.3d 1333 (3d Cir. 2002)..........................................................................................2, 5

*Crawford v. Carroll,*
    2007 WL 757666 (N.D. Ga. March 08, 2007)............................................................12, 13

*Cromwell v. Washington Metro. Area Transit Auth.,*
    2006 WL 2568009 (D.D.C. Sept. 5, 2006) .......................................................................10

*Defazio v. River City Brass Band, Inc.,*
    2007 WL 3072257 (W.D. Pa. Oct. 19, 2007) .................................................................5, 6

*Delaware Health Care, Inc. v. MCD Holding Co.,*
    893 F. Supp. 1279 (D. Del. 1995)......................................................................................2

*Despanie v. Henderson,*
    32 Fed. App'x. 390 (9th Cir. 2002) ...................................................................................10

*Johnson v. Yellow Freight Sys.,*
    734 F.2d 1304 (8th Cir. 1984) ............................................................................................3

*Jordan v. Chertoff,*
    224 Fed. App'x. 499 (7th Cir. 2006) .................................................................................13

*McInerney v. Moyer Lumber & Hardware, Inc.,*
    244 F. Supp. 2d 393 (E.D. Pa. 2002) .................................................................................1

*McKinnon v. Skil Corp.*,
    638 F.2d 270 (1st Cir. 1981) ...................................................................................4

*Miller v. Field*,
    35 F.3d 1088 (6th Cir. 1994) ..................................................................................4

*Paolitto v. John Brown E & C, Inc.*,
    151 F.3d 60 (2d Cir. 1998)......................................................................................3

*Saint Francis College v. Al-Khazraji*,
    481 U.S. 604 (1987)................................................................................................8

*Spruill v. Winner Ford of Dover, Ltd.*,
    175 F.R.D. 194 (D .Del. 1997) ...............................................................................3

*Sykes v. Pa. State Police*,
    2007 WL 141064 (W.D.Pa. Jan. 17, 2007)..........................................................13

*Synthes (U.S.A.) v. Globus Medical, Inc.*,
    2007 WL 1001587 (E.D. Pa. March 29, 2007)......................................................1

*Taylor v. Small*,
    350 F.3d 1286 (D.C. Cir. 2003) ...........................................................................10

*Wiley v. Glassman*,
    __ F.3d __, 2007 WL 4354431 (D.C. Cir. Dec. 14, 2007) ................................13

*Williams v. Nashville Network*,
    132 F.3d 1123 (6th Cir. 1997) ................................................................................4

*Young v. James Green Mgmt.*,
    327 F.3d 616 (7th Cir. 2003) ..................................................................................3

## STATUTES

Fed. R. Civ. P. 12(f)..........................................................................................1, 5, 9, 15

Fed. R. Evid. 803(8).....................................................................................................4

Civil Rights Act of 1866, 42 U.S.C. § 1981 ...............................................................8

Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e *et seq* ..................................9

Delaware Discrimination in Employment Act,
    19 Del. C. § 712(c)(3).........................................................................................8

## INTRODUCTION

Defendant Exxon Mobil Corporation ("ExxonMobil") has asked this Court to strike paragraphs 40, 50, 51, 69, 70, 71, 75, 76, and 77 of the Complaint as being both irrelevant to the case and highly prejudicial to the Defendant under Fed. R. Civ. P. 12(f).[1] Despite the fact that Plaintiffs' Complaint is rife with inaccuracies and outright fabrications, Defendant ExxonMobil has carefully identified and challenged only four different types of allegations that are clearly deficient even under the high burden imposed on a Rule 12(f) motion. The contested paragraphs are simply immaterial to any of Plaintiffs' stated causes of action, and should be struck to save this Court and the parties the time and expense of litigating irrelevant issues. *See Synthes (U.S.A.) v. Globus Medical, Inc.*, No. 04-1235, 2007 WL 1001587, at *1 (E.D. Pa. March 29, 2007); *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002) (a motion to strike can clean up the pleadings, streamline litigation, and help avoid wasting judicial resources on immaterial matters).

Plaintiffs' Opposition to Defendant's Motion to Dismiss and to Strike confirms that their pleading strategy is simply to list any and all allegations that might cast Defendant in a negative light. Rather than provide a substantive analysis of how or why the contested allegations are relevant to the Complaint as currently constructed, Plaintiffs simply assert that the allegations could be relevant at some point and should be allowed to stand. Plaintiffs' argument is inadequate. A Rule 12(f) Motion to Strike should be granted where an allegation is irrelevant to

---

[1]     In addition to moving to strike certain paragraphs of the Complaint, Defendant ExxonMobil also moved to dismiss Counts VII, VIII and IX. Plaintiffs have consented to the dismissal of those Counts. See Opp. Br. at 4 (Dkt. 14).

Along with their Answering Brief in Opposition to Defendant's Motion to Dismiss and to Strike, Plaintiffs also filed a Motion in Opposition to Defendant's Motion to Dismiss and to Strike (Dkt. 13). The Motion in Opposition does not request any relief in addition to the denial of Defendant's Motion to Dismiss and to Strike, and therefore Defendant will not respond to it separately from this Reply Brief.

the complaint and the scope of litigation can be narrowed by striking it. *See Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F.Supp. 1279, 1291-92 (D.Del. 1995) (a Rule 12(f) motion can avoid "expenditure of time and money that necessarily arises from litigating spurious issues by disposing of those issues prior to trial" by striking immaterial matter — matter "which has no essential or important relationship to the claim for relief or the defenses being pleaded") (internal citations omitted). Defendant ExxonMobil has fulfilled its burden by demonstrating that the contested paragraphs are immaterial to any of the stated causes of action and are prejudicial to the Defendant. Accordingly, Defendant ExxonMobil respectfully requests that this Court strike paragraphs 40, 50, 51, 69, 70, 71, 75, 76, and 77.

## ARGUMENT

I       **THE DELAWARE DEPARTMENT OF LABOR'S FINDING OF PROBABLE CAUSE IS IMMATERIAL TO PLAINTIFF'S CAUSE OF ACTION AND ANY REFERENCE TO IT SHOULD BE STRUCK UNDER FED. R. CIV. P. 12(F).**

Paragraph 40 of the Complaint states, *inter alia*, that after Plaintiff Romdhani filed a claim with the Delaware Department of Labor ("DDOL"), the DDOL issued a reasonable cause finding (the "DDOL Determination") which held that the "Charging Party has established that illegal national origin and religious discrimination occurred." *See* State of Delaware Department of Labor Final Determination and Right to Sue Notice (attached hereto as Exhibit A). Plaintiffs do not dispute that the allegation is highly prejudicial to Defendant. However, Plaintiffs cite *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1345 (3d Cir. 2002), for the proposition that district courts are to decide on a case by case basis whether the findings of an administrative proceeding are admissible. Opp. Br. at 6 (Dkt. 14). Plaintiffs argue that, because a court *could* determine that a DDOL finding is admissible under *Coleman*, striking a reference to it in a complaint is *per se* invalid. Plaintiffs' argument is unsupported by either analysis or authority and runs counter to a growing trend among courts that have considered the issue.

2

*First*, Plaintiffs do not provide even a superficial explanation of how the DDOL Determination would be relevant to their claim of discrimination. Instead, Plaintiffs boldly assert that they need discovery to determine whether the DDOL Determination is admissible. That is not the case. The DDOL Determination is a one page document that contains barely a paragraph of "analysis." *See* Exhibit A. The DDOL Determination summarily states that Defendant ExxonMobil discriminated against Plaintiff Romdhani. Specifically, the DDOL Determination claims:

> The evidence and information provided during the investigation reveals that the Charging Party was treated more harshly than his predecessor in regards to the manner in which the territory manager conducted his visits to the store and the frequency of the visits. The evidence and information provided further reveals that the Charging Party was treated more severely than his similarly situated coworkers in regards to the disciplinary actions and the denial of merit increases. Finally, witnesses corroborated Charging Party's allegations that he was continually subjected to harassment by his supervisor in regards to religious beliefs and national origin. Therefore, Charging Party has established that illegal national origin and religious discrimination has occurred.

Exhibit A. The DDOL Determination has no probative value whatsoever. It provides a perfunctory characterization of the evidence and makes a sweeping conclusion without analysis. Such statements are inadmissible. *See Young v. James Green Mgmt.*, 327 F.3d 616, 624 (7th Cir. 2003) (excluding an Equal Employment Opportunity Commission ("EEOC") Letter of Determination where the evidence on which the EEOC relied was available at trial); *Paolitto v. John Brown E & C, Inc.*, 151 F.3d 60, 65 (2d Cir. 1998) (excluding state agency discrimination report because the plaintiff could present the same evidence to the jury); *Johnson v. Yellow Freight Sys.*, 734 F.2d 1304, 1309 (8th Cir. 1984), ("there is little probative value in the EEOC's conclusory statements regarding" evidence that will be put before a jury); *Spruill v. Winner Ford of Dover, Ltd.*, 175 F.R.D. 194, 197 (D .Del. 1997) (denying admission of a DDOL discrimination determination). Plaintiffs do not need discovery to assess the admissibility of the

DDOL's findings — the DDOL Determination speaks for itself. It is conclusory, wholly lacking in value, and immaterial to this case.

*Second*, the DDOL Determination is redundant. The evidence referred to by the DDOL will be presented at trial and placed before the finder of fact. Indeed, Plaintiffs do not assert that any evidence placed before the DDOL cannot or will not be heard by the finder of fact.[2] The DDOL's characterization of that evidence provides no added value and is simply cumulative. Plaintiffs neglect to articulate any possible benefit to the finder of fact of reviewing the DDOL's characterization of the evidence.

*Third*, where, as here, the DDOL Determination merely provides conclusory statements on the very issues that a finder of fact will decide at trial, the only possible purpose of introducing the agency determination is to subvert the finder of fact's duties and substitute the DDOL's conclusions for those findings. *See Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) (recognizing the possibility that a jury will give undue deference to an agency finding and wrongly conclude that discrimination must have occurred). The DDOL Determination will not aid a finder of fact in deciding whether discrimination occurred. Instead, the DDOL's unsupported conclusions undermine the very purpose of a trial.

---

[2]    Of course, Plaintiffs cannot dispute that the DDOL Determination is redundant. If Plaintiffs attempted to identify evidence that was before the DDOL but that will not be before the finder of fact, it would only highlight the unreliability of the DDOL Determination. The only evidence considered by the DDOL that the finder of fact will not hear is testimony excluded by the rules of evidence, such as hearsay testimony. Although the DDOL Determination is itself hearsay evidence, it is still potentially admissible under Fed. R. Evid. 803(8). However, because the Determination is also based upon hearsay, it creates the problem of double hearsay. For that reason alone, many circuit courts exclude agency determinations. *See, e.g., Miller v. Field*, 35 F.3d 1088, 1091-92 (6th Cir. 1994) (there is no presumption that a report is trustworthy where the "preparer relies on potentially untrustworthy hearsay evidence from another individual under no duty to provide unbiased information."); *McKinnon v. Skil Corp.*, 638 F.2d 270, 278 (1st Cir. 1981) (excluding Consumer Product Safety Commission Report as untrustworthy because it contained hearsay within hearsay).

*Fourth*, the case upon which Plaintiffs rely signals that conclusory findings by the DDOL should be inadmissible. *Coleman* addressed whether the district court erred in excluding an EEOC determination. In holding that the district court had the discretion to exclude an EEOC determination, the court made clear that such documents, if merely conclusory, have limited probative value and can be highly prejudicial. As the court noted, the EEOC finding in question was (i) conclusory in nature, rather than factual and (ii) did not constitute an expert opinion.[3] *Id.* at 1345. While the Third Circuit did not have the opportunity to decide whether a district court may strike a reference to a DDOL Determination from a pleading under Rule 12(f), striking a conclusory finding by an agency would certainly be consistent with the court's decision in *Coleman*.

*Finally*, the clear trend is moving towards excluding EEOC and similar state agency findings. *See Cambra v. Restaurant School*, No. Civ.A.04-2688, 2005 WL 2886220 (E.D. Pa. Nov 02, 2005) (noting that while some courts used to freely admit EEOC Determinations, district courts in the Third Circuit are now reluctant to do so). The reason for the trend is obvious — DDOL determinations are immaterial, the facts on which they are based are cumulative, and their inclusion can be highly prejudicial to a defendant. For that reason, it is proper to strike references to such findings from the pleadings. *See Defazio v. River City Brass Band, Inc.*, Civ.A.07-546 2007 WL 3072257, at *2 (W.D. Pa. Oct. 19, 2007) (finding that references in the complaint to "the EEOC's first determination" should be struck pursuant to Fed. R. Civ. P. 12(f) as immaterial and scandalous).

---

[3]    The *Coleman* court noted that deference to an agency's expertise in other areas does not increase the probative value of the EEOC's findings in litigation between private parties. *Id.* at 1345.

On these bases, Defendant respectfully requests that this Court exercise its discretion to strike Paragraph 40 from the Complaint.

**II      DEFENDANT'S DECISION NOT TO ENGAGE IN SETTLEMENT DISCUSSIONS IS IMMATERIAL AND ANY REFERENCE TO IT SHOULD BE STRUCK UNDER FED. R. CIV. P. 12(F).**

Paragraph 40 of the Complaint states, *inter alia*, that after the DDOL issued a reasonable cause finding, Defendant ExxonMobil refused to attend a "mandatory" conciliation meeting with Plaintiff Romdhani. In considering a similar case, the Western District of Pennsylvania determined that reference to a failure of conciliation had to be stricken from the complaint as immaterial and highly scandalous. *Defazio*, 2007 WL 3072257, at *2. Plaintiffs again do not dispute that the allegation prejudices Defendant ExxonMobil, but argue without citation that the information is relevant to show that ExxonMobil failed to investigate employees' claims of discrimination.[4] Opp. Br. at 7, 8. Plaintiffs' pretextual rationale lacks merit.

*First*, the argument that ExxonMobil failed to investigate discrimination claims made by employees while they were still employed by ExxonMobil is wholly separate from the allegation that ExxonMobil did not participate in a settlement conference with Plaintiff Romdhani. An employer's alleged failure to correct an on-going problem while the person who raised the issue is still an employee can, under certain circumstances, constitute actionable discrimination. The failure to attend a conciliation meeting, following a state agency investigation, after a complainant is no longer an employee does not constitute actionable discrimination. Furthermore, the so-called "mandatory" conciliation meeting was proposed by the DDOL after the DDOL had already stated its opinion that there was good cause to believe Plaintiff Romdhani's claims of "illegal national origin and religious discrimination." Thus, the purpose

---

[4]      Although Plaintiffs' allegations must be taken as true for purposes of this motion, it should be noted that Plaintiff Romdhani in fact never once complained to ExxonMobil that he was being mistreated because of his national origin or religion.

6

of the conciliation meeting was not to investigate Plaintiff Romdhani's allegations or determine the validity of his claims. Rather, the purpose of the conciliation meeting was to discuss how much money ExxonMobil should pay Romdhani. Defendant ExxonMobil's decision not to attend such a slanted conciliation process was correct then (and now) given the absence of merit of its claims then (and now). Indeed, it would have been a waste of time and money for the State of Delaware and the parties.

*Second*, Plaintiffs' argument that Defendant ExxonMobil's decision not to engage in settlement discussions "compounded" Plaintiffs' injury is unsupported by analysis and contrary to logic. Even assuming *arguendo* that Defendant ExxonMobil in general failed to investigate claims of discrimination by its employees, Plaintiffs do not allege that ExxonMobil failed to investigate Plaintiff Romdhani's claims in response to the DDOL investigation. A decision not to negotiate after participating in the DDOL investigation does not "compound" Plaintiffs' alleged injury. Essentially, Plaintiffs' argument is that any time a defendant exercises its right to a trial rather than settling with the plaintiff, the plaintiff's injury is compounded. Neither this Court, nor any court that Defendant can find, has ever adopted the position proposed by Plaintiff.

*Finally*, Plaintiffs' Opposition Brief makes clear that Plaintiffs included the reference to Defendant ExxonMobil's failure to attend the conciliation meeting because they want to argue at trial that ExxonMobil broke the law by declining to negotiate with Plaintiff Romdhani. *See* Opp. Br. at 7 ("Exxon's utter refusal, without explanation, to attend the DDOL's *mandatory* conciliation meeting simply continued this pattern of unlawful behavior"). Plaintiffs neglect to mention that the statute in question does not actually force any party to attend a hearing. Although the language of 19 Del. C. § 712(c)(3) provides for a conciliation meeting, there is no penalty for declining to attend the meeting. ExxonMobil's decision not to settle the case does

7

not constitute unlawful activity, let alone support an allegation of a "pattern" of unlawful activity.

Plaintiffs have made two allegations: (i) that Defendant ExxonMobil neglected to investigate employee complaints of discrimination while they were employed by Defendant and (ii) that after ExxonMobil participated in a DDOL investigation, it decided not to negotiate a settlement with Plaintiff Romdhani. The latter allegation simply does not support the former. ExxonMobil is entitled to exercise its right to a trial and to decline to settle a case. The decision to decline settlement neither supports nor undermines Plaintiffs' remaining allegations. That decision is simply irrelevant, and the reference to it in Paragraph 40 should be struck.

**III    PARAGRAPHS 50, 51, 69, 70, 76, AND 77 OF THE COMPLAINT ARE IRRELEVANT BECAUSE PLAINTIFFS ZELLER AND MALONEY HAVE NOT PLED A CAUSE OF ACTION FOR RELIGIOUS DISCRIMINATION.**

Paragraphs 50, 51, 69, 70, 76 and 77 are irrelevant to the Complaint as filed before this Court. These paragraphs contain allegations of religious discrimination against Plaintiffs Zeller and Maloney. However, neither Zeller nor Maloney has asserted a cause of action for religious discrimination. They have brought only claims under 42 U.S.C. § 1981 ("Section 1981"). By its terms, Section 1981 does not apply to discrimination based on religion. *See* 42 U.S.C. § 1981; *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

Plaintiffs do not dispute that Plaintiffs Zeller and Maloney have not asserted a cause of action for religious discrimination in the Complaint. However, Plaintiffs argue that the paragraphs should not be struck because Plaintiff Maloney and Zeller have filed complaints alleging religious discrimination with the DDOL. Plaintiffs maintain that, because of the DDOL filings, there is a "dispute" between Defendant ExxonMobil and Plaintiffs Zeller and Maloney over religious discrimination. Of course, the DDOL filings do not create an *active* dispute before this Court. Mere disagreement among the parties is irrelevant if it is not related to a cause of

action in the Complaint. Plaintiffs do not allege that there is a current controversy before this Court regarding alleged religious discrimination against Plaintiffs Zeller and Maloney. Therefore, all paragraphs concerning Plaintiffs Zeller and Maloney' allegations of religious discrimination should be struck.

Plaintiffs' assertion that it will file an amendment to the complaint alleging claims of religious discrimination under 42 U.S.C. § 2000e *et seq.* ("Title VII") does not change the analysis. While the allegations contained in the disputed paragraphs may be relevant, for Rule 12(f) purposes, *if* Plaintiffs amend their Complaint to add Title VII claims, that issue is not before this Court. The incontrovertible fact is that the challenged paragraphs are not currently relevant and will only become relevant based on a prospective action that may never occur. It is contrary to basic legal practice to include allegations in a complaint that are relevant only to a cause of action that has not yet been asserted. Even if this Court deems it probable that Plaintiffs will amend their Complaint, it should not excuse Plaintiffs' conduct. Plaintiffs should have left the contested paragraphs out of the Complaint and added them only when and if they ever sought to amend the Complaint to add Title VII claims.

Plaintiffs Zeller and Maloney's allegations of religious discrimination are plainly prejudicial to Defendant, and if the Complaint is never amended by Plaintiffs to add Zeller and Maloney's Title VII claims of religious discrimination, they are also wholly irrelevant. These are precisely the sort of allegations that should be struck from a complaint. *See* Def. Opening Brief at 13 (citing *Kounitz v. Slaatten,* 901 F. Supp. 650 (S.D.N.Y. 1995)). It is not Defendant's burden to monitor Plaintiffs' potential claims and incur the expense of discovery relating to causes of action that may never accrue. Instead of placing the burden on Defendants to strike the challenged paragraphs at some point in the future if Plaintiffs do not amend the Complaint, the

challenged paragraphs should be struck at this time, leaving Plaintiffs with the burden of moving to add the paragraphs when and if they ever seek leave to amend the Complaint.

## IV    PARAGRAPHS 71 AND 75 OF THE COMPLAINT ARE IMMATERIAL TO PLAINTIFF ZELLER'S CAUSES OF ACTION AND PREJUDICE THE DEFENDANT.

Paragraphs 71 and 75 of the Complaint do not support Plaintiff Zeller's claims of discrimination and retaliation. In Paragraph 71, Plaintiffs allege that Plaintiff Zeller reported that she was missing a couple of days of salary from her paycheck in early October 2006. However, in Paragraph 76 of the Complaint, Plaintiffs concede that the shortfall was rectified by October 18, 2006 — the date the very next paycheck was issued. Similarly, in Paragraph 75, Plaintiffs allege that, after becoming sick while at work, Plaintiff Zeller initially was told she could not leave work. However, in the same paragraph, Plaintiffs acknowledge that moments later, the supervisor changed his mind and allowed Plaintiff Zeller to leave work. It is well recognized that a *momentary* delay in the receipt of compensation or privileges does not constitute an adverse employment action. *See Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (delay in receiving performance evaluation did not affect plaintiff's pay grade or salary and thus did not constitute an adverse action); *Despanie v. Henderson*, 32 Fed. App'x. 390, 392 (9th Cir. 2002) (holding that where sick leave pay is ultimately provided, an initial denial of sick leave pay does not constitute an adverse employment action); *Cromwell v. Washington Metro. Area Transit Auth.*, No. 97-2257, 2006 WL 2568009, at *6 (D.D.C. Sept. 5, 2006) (plaintiff cannot establish a *prima facie* case of discrimination where an initial request denying sick leave is ultimately granted); *see also Christian v. Illinois State Bd. of Educ.*, No.05c2735, 2007 WL 2088735, at *6 (N.D. Ill. July 19, 2007) (even outright denial of sick leave when done pursuant to established policy does not constitute an adverse employment action). Plaintiff Zeller did not suffer an

10

injury from the actions alleged in Paragraphs 71 and 75, and accordingly neither paragraph supports a claim of discrimination.

In their Opposition Brief, Plaintiffs do not dispute that Paragraphs 71 and 75 are prejudicial. However, Plaintiffs assert that (i) *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405 (2006), overruled the authority on which Defendants' rely and (ii) the allegations contained in Paragraphs 71 and 75 are relevant to their allegations of retaliation because they show a "pattern of antagonism." Neither argument has merit.

*First*, under the standard set forth in *Burlington Northern*, the allegations in Paragraphs 71 and 75 are irrelevant to this proceeding. Under *Burlington Northern*, an action supports a claim for retaliation if "a reasonable employee would have found the challenged action to be *materially adverse*." *Id.* at 2415 (emphasis added). Accordingly, an action is relevant to a claim of retaliation if it would "have dissuaded a *reasonable* worker from making or supporting a charge of discrimination." *Id.* (emphasis added). The Supreme Court in *Burlington Northern* was careful to emphasize materiality:

> We speak of material adversity because we believe it is important to separate significant from trivial harms. Title VII, we have said, does not set forth a general civility code for the American workplace. An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience.

*Burlington Northern*, 126 S.Ct. at 2415 (emphasis and internal citations omitted). Conduct that does not cause an objective and serious harm does not support a cause of action for retaliation because it would not deter a reasonable employee from filing a claim of discrimination. *Id.* Put simply, the Court in *Burlington Northern* merely stated that an action does not have to be

specifically related to a term or condition of employment to support a claim for retaliation; the Court did not alter the fact that the action must nevertheless rise to a certain level of materiality.

Under the case law both before and after *Burlington Northern*, a short delay in the receipt of an employment benefit does not constitute a materially adverse action. The allegations contained in Paragraphs 71 and 75 can only be described as trivial. No reasonable employee would be deterred from filing a discrimination claim because she had to (i) wait until the following paycheck to receive a few days of pay and (ii) wait a few moments after a request before being granted sick leave.

This case is similar to *Crawford v. Carroll*, 04-cv-00892007 WL 757666 (N.D. Ga. March 08, 2007), in which the court compared pre-*Burlington Northern* authority regarding minor delays in benefits with the circumstances at issue in *Burlington Northern*. In *Burlington Northern*, the plaintiff suffered an objective and concrete injury. After being initially moved to a less advantageous position, the employee was actually suspended from work for 37 days without pay. As noted by the Supreme Court, the plaintiff "and her family had to live for 37 days without income. They did not know during that time whether or when [the plaintiff] could return to work. Many reasonable employees would find a month without a paycheck to be a serious hardship."[5] *Burlington Northern*, 126 S.Ct. at 2417. By contrast, the plaintiff in *Crawford* had only suffered a delay in receiving a merit increase in pay. Because the *Crawford* plaintiff did not lose her job and continued to receive income throughout the dispute over the raise, the court concluded that the delay was trivial. *Crawford*, 2007 WL 757666 at *8 (noting an obvious

---

[5]    Plaintiffs inaccurately describe *Burlington Northern* as involving a mere "temporary delay of paychecks." Opp. Br. at 12. Even a cursory reading of *Burlington Northern* demonstrates that the case involved a much more serious problem. As far as the plaintiff in *Burlington Northern* was concerned, the suspension was of unknown duration — quite possibly permanent — and ultimately resulted in plaintiff going more than a month without any pay.

difference between being denied pay for 37 days, while worrying about the possibility of termination, and a minor delay in the receipt of a pay raise). As the *Crawford* court determined, there is simply no risk that a reasonable employee would be deterred from filing a discrimination claim because of a short delay in receiving a pay raise. Similarly, a reasonable employee would not be deterred from filing a discrimination claim because of either a one pay period delay in receiving a small portion of her salary or a momentary denial of sick leave. *See also Wiley v. Glassman*, __ F.3d __, No. 06-5402, 2007 WL 4354431 at *8 (D.C. Cir. Dec. 14, 2007) (noting that a reduction in air time was not actionable and holding that "retaliation claims are limited to those where an employer causes 'material adversity,' not 'trivial harms'"); *Jordan v. Chertoff*, 224 Fed. App'x. 499, 502 (7th Cir. 2006) (applying *Burlington Northern* in finding that a delay in receiving overtime pay, *inter alia*, was trivial); *Blackledge v. Alabama Dep't. of Mental Health & Mental Retardation*, No. 2:06cv321, 2007 WL 3124452, at *30 (M.D. Ala. Oct. 25, 2007) (reduction in leave time following false accusation of early departure and prohibition from using compensatory overtime, *inter alia*, was too trivial to support a cause of action for retaliation); *Sykes v. Pa. State Police*, No. Civ.A.05-1349, 2007 WL 141064, at *6 (W.D.Pa. Jan. 17, 2007) (a lack of civility or a minor irritation will not deter a complainant).

*Second*, the allegations contained in Paragraphs 71 and 75 do not support a "pattern of antagonism." Plaintiff Zeller did not suffer any injury from Defendant ExxonMobil's actions: Plaintiff Zeller admits both that she was made whole by the very first paycheck issued after she reported the shortfall and that she was granted sick leave moments after she requested it. Plaintiff Zeller's allegations in these paragraphs demonstrate only that innocuous problems in the day-to-day operation of the relevant service station were pointed out by Plaintiff Zeller and immediately addressed by Defendant ExxonMobil. Additionally, Plaintiffs do not allege that

13

these events occurred in conjunction with any statement or comment reflecting animus towards Zeller's race (or religion). Instead, Plaintiffs feebly assert that their supervisor was "hostile" when Zeller brought up the paycheck mistake and requested sick leave. Compl. ¶¶ 71 and 75. Even if that allegation is true, mere incivility is not evidence of retaliation. *See Burlington Northern*, 126 S.Ct. at 2415 ("petty slights, minor annoyances, and simple lack of good manners" would not deter an employee from filing an EEOC claim). "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Carpenter v. Con-Way Cent. Express, Inc.*, 481 F.3d 611, 619 (8th Cir. 2007) (citing *Burlington Northern*, 126 S.Ct. at 2415).

Simply put, not every workplace mishap can be used to buttress a retaliation claim. Plaintiffs must allege some rational tie between their causes of action and the contested allegations. Regarding Paragraphs 71 and 75, there is no correlation between the two. Plaintiff Zeller reported a shortfall in one of her paychecks and was provided the backpay in the very next paycheck. Plaintiff Zeller does not claim that her supervisor tried to deny her the pay or told her she would not receive it. She merely claims he was not pleasant. Likewise, Plaintiff Zeller was allowed to leave work because of illness shortly after she reported being sick. Her only real complaint is that her supervisor was not friendly when her husband called on her behalf. The allegations contained in Paragraphs 71 and 75 do not constitute circumstantial evidence of retaliation, do not demonstrate a pattern of antagonism or discrimination, and should be struck from the Complaint.

## CONCLUSION

WHEREFORE, for the reasons explained herein and in Defendant's Opening Brief, Paragraphs 40, 50, 51, 69, 70, 71, 75, 76, and 77 of the Complaint should be struck from the Complaint under Fed. R. Civ. P. 12(f).


POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joe Robert Caldwell, Jr.                By: /s/ Kathleen Furey McDonough
Benjamin E. Kringer                          Kathleen Furey McDonough (#2395)
Rachel M. McKenzie                           Sarah E. DiLuzio (#4085)
BAKER BOTTS LLP                              Hercules Plaza, 6th Floor
1299 Pennsylvania Avenue, NW                 1313 N. Market Street
Washington, DC 20004-2400                    P.O. Box 951
(202) 639-7700                               Wilmington, DE 19801
                                             (302) 984-6000
Dated: January 25, 2008
844736                                   *Counsel for Defendant Exxon Mobil
                                         Corporation*

15

# EXHIBIT A

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS – DISCRIMINATION PROGRAM

Sofiene Romdhani
Po Box 5960
Newark, DE 19714

Case No. 06100473W

vs.

Exxon Mobil Corporation
Law Department
800 Bell, Corp-EMB-1806L
Houston, TX 77002
Attn.: Philecia L. Moore, Esq.

### FINAL DETERMINATION AND RIGHT TO SUE NOTICE

Pursuant to 19 Del. C. § 710, et seq., the parties in the above-captioned matter are hereby Noticed of the Department's Final Determination and Right to Sue Notice, as follows:

#### Reasonable Cause Determination and Notice of Mandatory Conciliation.

In this case, the Department has completed its investigation and found that there is reasonable cause to believe that an unlawful employment practice has occurred. Under the provisions of the law, the parties are now required to engage in mandatory conciliation with Brenda Sands, Labor Law Enforcement Officer. Please be prepared to appear for conciliation on Tuesday, June 26, 2007 at 10:00 a.m. at the location of DDOL Labor Law Enforce, 4425 Market Street, Wilmington, DE 19802.

Your cooperation and good faith effort is anticipated. Your corresponding Delaware Right to Sue Notice will be effective one day after your compliance with the conciliation effort.

The reasonable cause finding is based primarily on the following facts:

In this discrimination case, Charging Party must show that Respondent subjected him to disparate treatment and harassment in regards to his terms and conditions of employment because of his national origin and religion. He can show this by demonstrating that he was treated more harshly than similarly situated coworkers of another national origin and religion under similar circumstances. The evidence and information provided during the investigation reveals that Charging Party was treated more harshly than his predecessor in regards to the manner in which the territory manager conducted his visits to the store and the frequency of the visits. The evidence and information provided further reveals that Charging Party was treated more severely than his similarly situated coworkers in regards to disciplinary actions and the denial of merit increases. Finally, witnesses corroborated Charging Party's allegations that he was continually subjected to harassment by his supervisor in regards to his religious beliefs and national origin. Therefore, Charging Party has established that illegal national origin and religious discrimination occurred.

This Final Determination is hereby issued on behalf of the Department of Labor, Division of Industrial Affairs, Discrimination Program. See the attached Notice of Rights.

5/31/07
Date issued

For O C, [signature] Julie G Sterice
Julie Klein Cutler, Administrator

Date conciliation completed

Julie Klein Cutler, Administrator

*Delaware Department of Labor, Division of Industrial Affairs, 4425 N. Market St., Wilmington, DE 19802*

17C_DDOL_C-12-RC Reas Cause Determ_DOC: 3/06

## CERTIFICATE OF SERVICE

I hereby certify this 25th day of January, 2008 that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

> Timothy J. Wilson, Esquire
> Martin & Wilson, P.A.
> 1508 Pennsylvania Avenue
> Wilmington, DE 19806

> _/s/ Kathleen Furey McDonough_
> Kathleen Furey McDonough (#2395)
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> Hercules Plaza, 6th Floor
> Wilmington, DE 19801
> (302) 984-6000
> kmcdonough@potteranderson.com