IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFIENE ROMDHANI, MICHELLE MALONEY and BOBBI JOE ZELLER,<br><br>Plaintiffs,<br><br>v.<br><br>EXXON-MOBIL CORPORATION,<br><br>Defendant. | Civil Action No. 07-715 (JJF) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
<u>UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>**

Timothy J. Wilson, Esq. (DE Bar ID 4323)
Jeffrey K. Martin, Esq. (DE Bar ID 2407)
Martin & Wilson, P.A.
1508 Pennsylvania Ave.
Wilmington, DE 19806
(302) 777-4681 (telephone)
(302) 777-5803 (facsimile)
twilson@martinandwilson.com
jmartin@martinandwilson.com

Debra S. Katz, Esq.
Avi Kumin, Esq.
Hanan Idilbi, Esq.
Katz, Marshall & Banks, LLP
1718 Connecticut Ave., N.W., Sixth Floor
Washington, DC 20009
(202) 299-1140 (telephone)
(202) 299-1148 (facsimile)

*Attorneys for Plaintiffs*


# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................ii

INTRODUCTION................................................................................................1

I. NATURE AND STAGE OF PROCEEDINGS................................................1

II. STATEMENT OF FACTS...............................................................................1

III. ARGUMENT..................................................................................................2

    A.    LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE "FREELY GIVEN" UNDER RULE 15 (a), FED. R. CIV. P. ............................2

    B.    THIS COURT SHOULD GRANT PLAINTIFF MOTION FOR LEAVE TO AMEND THEIR COMPLAINT BECAUSE JUSTICE SO REQUIRES AND DEFENDANT WILL SUFFER NO PREJUDICE..........................3

    C.    THE COURT SHOULD DENY DEFENDANT'S MOTION TO STRIKE PARAGRAPHS 50, 51, 69, 70, 76, AND 77 OF PLAINTIFF'S COMPLAINT AS MOOT...............................................................................5

IV. CONCLUSION..............................................................................................5

# TABLE OF AUTHORITIES

### CASES
Page

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997)..................................3

*Conley v. Gibson*, 355 U.S. 41 (1957)..................................................................3

*Dole v. Arco Chemical Co.*, 921 F.2d 484 (3d Cir. 1990)............................................2

*Foman v. Davis*, 371 U.S. 178 (1962)..............................................................2, 3

*Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir. 1993)....................................................3

*Millet v. Truelink, Inc.*, 2006 WL 2583100 (D. Del. 2006)...........................................4

*Shane v. Fauer*, 213 F.3d 113 (3d Cir. 2000).......................................................2, 3

### STATUTES

42 U.S.C. § 621 et seq. (Age Discrimination in Employment Act)..................................4

42 U.S.C. § 1981.............................................................................................4

42 U.S.C. § 2000e et seq. (Title VII of Civil Rights Act of 1964)..................................2

19 Del. C. § 710 et seq. (Delaware Discrimination in Employment Act)....................1, 2, 3, 4

### RULES

Fed. R. Civ. P. 15(a).........................................................................................2

Fed. R. Civ. P. 26(f).........................................................................................1

### TREATISES

6 Wright, *Federal Practice and Procedure* (2d ed. 1990)............................................2

## INTRODUCTION

Plaintiffs Sofiene Romdhani, Michelle Maloney, and Bobbi Joe Zeller, by and through their undersigned counsel, file this memorandum, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, in support of their Motion for Leave to File an Amended Complaint. Plaintiffs' Amended Complaint seeks to add Ms. Maloney's and Ms. Zeller's claims under the Delaware Discrimination in Employment Act ("DDEA"), for which Ms. Maloney and Ms. Zeller have recently received their right-to-sue notices, to this case.[1] As set forth more fully below, this Court should grant Plaintiffs' motion because justice requires permitting Plaintiffs to add in their DDEA claims, because defendant will not be unduly prejudiced, and because the requested amendment will not be futile. Plaintiffs' counsel has communicated with defendant's counsel regarding the filing of this Motion, and defendant does not oppose this Motion.

### I. NATURE AND STAGE OF PROCEEDINGS

Plaintiffs Sofiene Romdhani, Michelle Maloney, and Bobbi Joe Zeller, former employees of Defendant ExxonMobil ("Exxon"), filed their Complaint against Exxon on November 5, 2007. On December 20, 2007, Defendant filed its responsive pleading, a Motion to Dismiss and To Strike. The parties have not yet held their initial conference pursuant to Fed. R. Civ. P. 26(f).

### II. STATEMENT OF FACTS

Plaintiffs allege in their complaint that Exxon discriminated against each of them on the basis of race and religion, and retaliated against them for engaging in protected activity. In addition, Plaintiff Sofiene Romdhani alleges discrimination on the basis of national origin.

---

[1] In its opposition to Exxon's Motion to Dismiss and to Strike, Plaintiffs agreed that Counts VII, VIII, and IX of the original Complaint should be dismissed. Plaintiffs' Amended Complaint thus removes those claims from this case.

1

After their separation from Exxon, Plaintiffs Maloney and Zeller both filed charges of discrimination with the Delaware Department of Labor ("DDOL") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging, *inter alia*, religious discrimination and retaliation under the DDEA and Title VII of the Civil Rights Act of 1964 ("Title VII"). See Compl. ¶¶ 61, 83. On January 19 and 25, 2008, respectively, the DDOL issued right-to-sue notices to Ms. Maloney and Ms. Zeller, and indicated that Ms. Maloney and Ms. Zeller had exhausted their administrative remedies on their DDEA claims.[2] Ms. Maloney's and Ms. Zeller's right-to-sue notices from the DDOL are attached hereto as Exhibits 2 and 3.

### III. ARGUMENT

#### A. LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE "FREELY GIVEN" UNDER RULE 15(a), FED. R. CIV. P.

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While the granting or denial of a motion for leave to amend lies within the sound discretion of the district court, the U.S. Supreme Court has emphasized that the district court must heed the mandate embodied in Rule 15(a) and grant leave to amend freely when justice so requires. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing Foman). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citing 6 Wright, Federal Practice and Procedure §1471, at 505 (2d ed. 1990), *et al.*). A court should also consider the hardship to the moving party if leave to amend were denied. See 6 Wright, et al., Federal Practice and Procedure § 1487, at 621-23.

---

[2] Ms. Maloney's and Ms. Zeller's charges of discrimination under Title VII are still pending before the EEOC.

2

The purpose of the liberal rule in favor of amendment is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. Dole, 921 F.2d at 487. As the U.S. Supreme Court has explained, "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182; see also Conley v. Gibson, 355 U.S. 41, 48 (1957). Thus, unless the district court has a substantial reason to deny leave, its discretion is not broad enough to permit denial. See id. Denial of an amendment is usually inappropriate unless one of the following is found: (1) undue prejudice to the opposing party; (2) bad faith on the part of the moving party; (3) futility; or (4) undue delay. See Foman, 371 U.S at 182; Shane, 213 F.3d at 115 (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993)). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434.

### B. THIS COURT SHOULD GRANT PLAINTIFFS' MOTION FOR LEAVE TO AMEND THIER COMPLAINT BECAUSE JUSTICE SO REQUIRES AND DEFENDANT WILL SUFFER NO PREJUDICE.

Ms. Maloney and Ms. Zeller seek leave to amend plaintiffs' complaint in order to add their claims under the DDEA, for which they have properly exhausted administrative remedies and received right-to-sue notices. All of the claims plaintiffs seek to add derive from the same pattern of controversy and set of facts contained in the original complaint, namely, the repeated acts of the racial and religious discrimination, harassment, and retaliation against Ms. Maloney and Ms. Zeller.

Defendant ExxonMobil will not be unduly prejudiced by the proposed amendments to the complaint. As noted above, Defendant does not object to this amendment of the Complaint.

3

Moreover, Exxon has been aware of Ms. Maloney's and Ms. Zeller's factual and legal allegations regarding their DDEA claims for months, as the allegations supporting such claims were in their DDOL charges and reiterated in the original complaint. See Millett v. Truelink, Inc., 2006 WL 2583100, at *4 (D. Del. 2006) (declining to find undue prejudice to the defendants in amending the complaint because the defendants had notice as early as the original complaint).

Further, while defendants will not be prejudiced if this Court grants plaintiffs leave to file the Amended Complaint, plaintiffs will suffer great prejudice if the amendment is denied. Ms. Maloney and Ms. Zeller only seek to amend the complaint in order to include the claims under which they are legally entitled to relief, including their allegations that they were subjected to religious discrimination and harassment, retaliation for complaining about religious discrimination and harassment, and retaliation for complaining about sexual harassment. These causes of action are not covered under 42 U.S.C. § 1981, the only other cause of action Ms. Maloney and Ms. Zeller invoke in the original Complaint. Not permitting this motion to amend would thus only serve to deny plaintiffs the ability to promptly and meaningfully seek legal redress for Exxon's unlawful actions under the DDEA.

Unlike Mr. Romdhani's DDEA claims (the subject of Defendant's earlier Motion to Dismiss), Ms. Maloney's and Ms. Zeller's DDEA claims would not be subject to dismissal. The cases cited by Exxon in its Motion to Dismiss, see Mem. In Supp. at 7, support dismissal of DDEA claims only where the plaintiff already has in the complaint a federal statute that completely overlaps with DDEA's coverage and damages – namely, either Title VII or the ADEA. No court, however, has dismissed a plaintiff's DDEA claims where the coverage of the plaintiff's federal statutes was completely different. In this case, Ms. Maloney's and Ms.

4

Zeller's Section 1981 claim – their only federal claim[3] – does not cover their allegations that they were discriminated against because of their religion; that they were retaliated against for complaining about religion discrimination; or that Ms. Zeller was retaliated against for complaining about sexual harassment.

### C. THE COURT SHOULD DENY DEFENDANT'S MOTION TO STRIKE PARAGRAPHS 50, 51, 69, 70, 76, AND 77 OF PLAINTIFF'S COMPLAINT AS MOOT

Defendant concedes in its Reply to its Motion to Dismiss and to Strike that paragraphs 50, 51, 69, 70, 76, and 77 of Plaintiffs' Complaint, which contain allegations concerning Ms. Maloney's and Ms. Zeller's religious discrimination claims, would be relevant and not subject to a Motion to Strike if Ms. Maloney and Ms. Zeller sought to amend their Complaint to add in those claims of religious discrimination. Through this Motion, Ms. Maloney and Ms. Zeller have done just that, and the questioned paragraphs are obviously relevant to those new claims. The Court should thus deny Defendant's Motion to Strike paragraphs 50, 51, 69, 70, 76, and 77 of Plaintiffs' Complaint.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended

---

[3] As noted above, as the administrative exhaustion procedure for Ms. Maloney's and Ms. Zeller's Title VII claims is still ongoing, they cannot yet pursue those claims under Title VII and will not be able to do so for at least several more months. Denial of this Motion would therefore be unwarranted, and would only serve to delay plaintiffs' ability to pursue their legal remedies.

Complaint should be granted and the Clerk directed to file the Amended Complaint.

Respectfully submitted,

/s/ Timothy J. Wilson  #4323
Timothy J. Wilson, Esq. (DE Bar ID 4323)
Jeffrey K. Martin, Esq. (DE Bar ID 2407)
Martin & Wilson, P.A.
1508 Pennsylvania Ave.
Wilmington, DE  19806
(302) 777-4681 (telephone)
(302) 777-5803 (facsimile)
twilson@martinandwilson.com
jmartin@martinandwilson.com

Debra S. Katz, Esq.
Avi Kumin, Esq.
Katz, Marshall & Banks, LLP
1718 Connecticut Ave., N.W., Sixth Floor
Washington, DC  20009
(202) 299-1140 (telephone)
(202) 299-1148 (facsimile)

*Attorneys for Plaintiffs*

Dated: March 3, 2008

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFIENE ROMDHANI, MICHELLE MALONEY and BOBBI JOE ZELLER,<br><br>Plaintiffs,<br><br>v.<br><br>EXXON-MOBIL CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-715 (JJF)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I hereby certify this 3rd day of March, 2008, that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

Kathleen Furey McDonough, Esquire
Potter Anderson & Corroon, LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Attorney for Defendant

**[SIGNATURE ON NEXT PAGE]**

/s/ Timothy J. Wilson  #4323
Timothy J. Wilson, Esq. (DE Bar ID 4323)
Jeffrey K. Martin, Esq. (DE Bar ID 2407)
Martin & Wilson, P.A.
1508 Pennsylvania Ave.
Wilmington, DE  19806
(302) 777-4681 (telephone)
(302) 777-5803 (facsimile)
twilson@martinandwilson.com
jmartin@martinandwilson.com

Debra S. Katz, Esq.
Avi Kumin, Esq.
Katz, Marshall & Banks, LLP
1718 Connecticut Ave., N.W., Sixth Floor
Washington, DC  20009
(202) 299-1140 (telephone)
(202) 299-1148 (facsimile)

*Attorneys for Plaintiffs*