IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFIENE ROMDHANI, MICHELLE MALONEY and BOBBI JOE ZELLER,<br><br>Plaintiffs,<br><br>v.<br><br>EXXON-MOBIL CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-715 (JJF)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

_____

Timothy J. Wilson, Esq. (DE Bar ID 4323)
Jeffrey K. Martin, Esq. (DE Bar ID 2407)
Martin & Wilson, P.A.
1508 Pennsylvania Ave.
Wilmington, DE 19806
(302) 777-4681 (telephone)
(302) 777-5803 (facsimile)
twilson@martinandwilson.com
jmartin@martinandwilson.com

Debra S. Katz, Esq.
Avi Kumin, Esq.
Katz, Marshall & Banks, LLP
1718 Connecticut Ave., N.W., Sixth Floor
Washington, DC 20009
(202) 299-1140 (telephone)
(202) 299-1148 (facsimile)

*Attorneys for Plaintiffs*

Dated: August 7, 2008

## TABLE OF CONTENTS

   Page

TABLE OF AUTHORITIES……………………………………………………………..ii

I. INTRODUCTION………………………………………………………………….1

II. ARGUMENT……………………………………………………………………...2

    A.    LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE "FREELY GIVEN" UNDER RULE 15 (a), FED. R. CIV. P. …………..………………2

    B.    THIS COURT SHOULD GRANT PLAINTIFF MOTION FOR LEAVE TO AMEND THEIR COMPLAINT BECAUSE JUSTICE SO REQUIRES AND DEFENDANT WILL SUFFER NO PREJUDICE……...........………..…….3

III. CONCLUSION………………………………………………………………….4

# TABLE OF AUTHORITIES

## CASES                                                                                           Page

*Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997)..................................3

*Conley v. Gibson*, 355 U.S. 41 (1957)..................................................................3

*Dole v. Arco Chemical Co.*, 921 F.2d 484 (3d Cir. 1990)............................................2

*Foman v. Davis*, 371 U.S. 178 (1962)................................................................2, 3

*Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir. 1993)....................................................3

*Millet v. Truelink, Inc.*, 2006 WL 2583100 (D. Del. 2006)..........................................4

*Shane v. Fauer*, 213 F.3d 113 (3d Cir. 2000)........................................................2, 3

## STATUTES

42 U.S.C. § 2000e et seq. (Title VII of Civil Rights Act of 1964).........................1, 2, 3, 4

19 Del. C. § 710 et seq. (Delaware Discrimination in Employment Act)......................1, 2, 4

## RULES

Fed. R. Civ. P. 15(a)......................................................................................2

## TREATISES

6 Wright, *Federal Practice and Procedure* (2d ed. 1990)............................................2

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SOFIENE ROMDHANI, MICHELLE MALONEY and BOBBI JOE ZELLER,<br><br>Plaintiffs,<br><br>v.<br><br>EXXON-MOBIL CORPORATION,<br><br>Defendant. | Civil Action No. 1:07-cv-715 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
<u>UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

## I.   INTRODUCTION

Plaintiffs Sofiene Romdhani, Michelle Maloney, and Bobbi Joe Zeller have now exhausted their administrative remedies under the Title VII of the Civil Rights Act of 1964, and have recently received from the Equal Employment Opportunity Commission their right-to-sue letters. <u>See</u> Exhibit 2, attached hereto. Accordingly, Ms. Maloney and Ms. Zeller seek to add their Title VII claims against Exxon into the Complaint. As set forth more fully below, this Court should grant Plaintiffs' motion because justice requires permitting Plaintiffs to add in their Title VII claims, because defendant will not be unduly prejudiced, and because the requested amendment will not be futile. Plaintiffs' counsel has communicated with defendant's counsel regarding the filing of this Motion, and defendant does not oppose this Motion.

Additionally, as Exxon noted in its Motion to Dismiss and to Strike (Dec. 20, 2007), the remedies of the Delaware Discrimination in Employment Act ("DDEA") and Title VII overlap, and as such, DDEA claims do not generally appear alongside Title VII claims in the same

complaint. Should the Court permit Plaintiffs to amend their Complaint to include their Title VII claims, therefore, Plaintiffs consent to the removal of their DDEA claims. Ms. Maloney and Ms. Zeller have stricken the DDEA claims from the Second Amended Complaint submitted along with this Motion.

Should the Court grant Plaintiffs Motion for Leave to File Second Amended Complaint, the sole relief sought in Defendant's Motion to Dismiss – removal of Plaintiffs' DDEA claims from the Complaint – will have been granted, and the Defendant's Motion to Dismiss should be denied as moot.

## II.  ARGUMENT

### A. LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE "FREELY GIVEN" UNDER RULE 15(a), FED. R. CIV. P.

Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). While the granting or denial of a motion for leave to amend lies within the sound discretion of the district court, the U.S. Supreme Court has emphasized that the district court must heed the mandate embodied in Rule 15(a) and grant leave to amend freely when justice so requires. See Foman v. Davis, 371 U.S. 178, 182 (1962); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing Foman). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citing 6 Wright, Federal Practice and Procedure §1471, at 505 (2d ed. 1990)). A court should also consider the hardship to the moving party if leave to amend were denied. See id., § 1487 at 621-23.

The purpose of the liberal rule in favor of amendment is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. Dole, 921

2

F.2d at 487. As the U.S. Supreme Court has explained, "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182; see also Conley v. Gibson, 355 U.S. 41, 48 (1957). Thus, unless the district court has a substantial reason to deny leave, its discretion is not broad enough to permit denial. See id. Denial of an amendment is usually inappropriate unless one of the following is found: (1) undue prejudice to the opposing party; (2) bad faith on the part of the moving party; (3) futility; or (4) undue delay. See Foman, 371 U.S at 182; Shane, 213 F.3d at 115 (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993)). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434.

### B. THIS COURT SHOULD GRANT PLAINTIFFS' MOTION FOR LEAVE TO AMEND THIER COMPLAINT BECAUSE JUSTICE SO REQUIRES AND DEFENDANT WILL SUFFER NO PREJUDICE.

Ms. Maloney and Ms. Zeller seek leave to amend plaintiffs' complaint in order to add their claims under Title VII, for which they have properly exhausted administrative remedies and received right-to-sue notices. All of the claims plaintiffs seek to add derive from the same pattern of controversy and set of facts contained in the original complaint, namely, the repeated acts of the racial and religious discrimination, harassment, and retaliation against Ms. Maloney and Ms. Zeller.

Defendant ExxonMobil will not be unduly prejudiced by the proposed amendments to the complaint. As noted above, Defendant does not object to this amendment of the Complaint. Moreover, Exxon has been aware of Ms. Maloney's and Ms. Zeller's factual and legal allegations regarding their Title VII claims for months, as the allegations supporting such claims

3

were in their DDOL charges, and were reiterated in the original complaint and in the First Amended Complaint which added their DDEA claims arising from the same facts. See Millett v. Truelink, Inc., 2006 WL 2583100, at *4 (D. Del. 2006) (declining to find undue prejudice to the defendants in amending the complaint because the defendants had notice as early as the original complaint).

Furthermore, the Second Amended Complaint is neither futile, nor does it cause undue delay. The Second Amended Complaint only adds Ms. Maloney and Ms. Zeller's Title VII claims in exchange for the DDEA claims; the Title VII claims arise from the same factual allegations as the DDEA claims and are claims upon which relief may be granted. Additionally, the addition of the Title VII claims cause no undue delay as the discovery period has not yet commenced in this case, and even if it had, the inquiry into the factual allegations would be identical to that under the DDEA claims.

Because justice so requires, plaintiffs request that leave be granted for the filing of their Second Amended Complaint, attached hereto.

### III. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint should be granted and the Clerk directed to file the Amended Complaint.

Respectfully submitted,

Timothy J. Wilson, Esq. (DE Bar ID 4323)
Jeffrey K. Martin, Esq. (DE Bar ID 2407)
Martin & Wilson, P.A.
1508 Pennsylvania Ave.
Wilmington, DE 19806
(302) 777-4681 (telephone)
(302) 777-5803 (facsimile)
twilson@martinandwilson.com
jmartin@martinandwilson.com

Debra S. Katz, Esq.
Avi Kumin, Esq.
Hanan Idilbi, Esq.
Katz, Marshall & Banks, LLP
1718 Connecticut Ave., N.W., Sixth Floor
Washington, DC 20009
(202) 299-1140 (telephone)
(202) 299-1148 (facsimile)

*Attorneys for Plaintiffs*

Dated: August 7, 2008

5

## CERTIFICATE OF SERVICE

I, Timothy J. Wilson, hereby certify this 7th day of August, 2008, that the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document is available for viewing and downloading from CM/ECF:

Kathleen Furey McDonough, Esquire
Potter Anderson & Corroon, LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801

Attorney for Defendant

Timothy J. Wilson